UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X Docket No.
STANLEY LOMBARDO,

                                          Plaintiffs,

    -against-                               **COMPLAINT**

THE TOWN OF HEMPSTEAD,
ANTHONY SANTINO,
and THOMAS METZGER

                                          Defendants.
-----------------------------------------------------------------X

        Plaintiff STANLEY LOMBARDO, by and through his undersigned attorneys, complaining of the Defendants herein, alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Stanley Lombardo, a longtime resident of East Rockaway and distinguished public servant worked for the Town of Hempstead for over twenty seven years. While employed there, he received positive performance reviews and was ultimately promoted to a supervisory position. Lombardo was also an upstanding member of the community who selflessly donated his time and money to take care of a feral cat colony in Oceanside, New York.

2. Unfortunately for Lombardo, one person who did not appreciate his work is the current Town of Hempstead Supervisor, Anthony Santino. Santino resented the fact that Lombardo would not simply go along with Santino's efforts to hand out high paying jobs to his unqualified friends. As such, Santino engaged in a campaign of retaliation and harassment against Lombardo in a misguided effort to punish Lombardo's perceived lack

of loyalty. In order to assist him, Santino enlisted Thomas Metzger, who harassed Lombardo and his family on Santino's behalf.

3. Plaintiff Lombardo brings the instant suit for violations of his First Amendment Rights to Freedom of Speech, Assembly, and Access to the Government, and his right to equal protection under the laws, pursuant to 42 U.S.C. § 1983. He seeks declaratory, injunctive and compensatory relief, as well as punitive damages and attorney's fees.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 & 1343, and supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this case pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Stanley Lombardo (hereinafter "Lombardo") is an adult individual who resides in East Rockaway, New York..

7. Defendant TOWN OF HEMPSTEAD (hereinafter "the Town") is a municipal corporation organized and existing under the laws of the State of New York with its principal place of business located at One Washington Street, Hempstead, New York.

8. Defendant ANTHONY SANTINO (hereinafter "Santino") is, and has been, the supervisor of the Town since January 2016. As such he is currently the highest elected official in the Town.

9. Defendant THOMAS METZGER (hereinafter "Metzger") is and has been the head of sanitation of the Town at all relevant times. Upon information and belief, Metzger is a resident of the Town of Hempstead.

## *FACTS*

10. Plaintiff Lombardo started working for the Town of Hempstead in March of 1989 as a Sanitation Laborer. In 1991, Lombardo became involved in the East Rockaway Republican Club, where he met Santino. From 1992- 2015, Lombardo was promoted by step/grade increase or by excelling at civil servant tests he took. He took five tests over a 20 year span and passed all of them.

11. In 1991, Anthony Santino was active in the Republican Party. He was the political leader of East Rockaway as well as a town councilman. In 2010, Lombardo sat on the town board for East Rockaway. Because of his position in East Rockaway, coupled with Santino's position, Lombardo and Santino had frequent interactions.

12. For the past eight years, Lombardo has also helped his community deal with their feral cat issue by personally taking care of a feral cat colony located in a landfill in Oceanside. For no compensation, Lombardo fed the cats, had each of them spayed or neutered, and took care of them. Lombardo paid for all of these endeavors out of his own pocket. His activities were known to Santino and others in the town, and generally ignored.

13. Despite being members of the same political party, Santino did not like Lombardo and used his position to attack Lombardo. The main issue Lombardo and Santino clashed about was Santino's penchant for appointing his friends to high paying lucrative positions, regardless of qualifications within the Town and the Village of East Rockaway. Santino hired Tommy Steinback as a part-time laborer for the Department of Public Works. Steinback was also a friend of Tommy Metger who is Superintendent of the Town Sanitation Department in Merrick, and a close political ally of Santino.

14. On or about 2013 to 2014, Santino wanted to switch Steinback from a part-timer to a full-time employee and attempted to use his influence to get Steinbeck the full time position. Lombardo and another trustee on the board, Ed Corrado didn't think Steinback was qualified or next in line for the job in terms of seniority. When the board voted to promote Steinbeck from part-time to full-time, Lombardo recused himself and Coraddo voted against Steinbeck. Upon information and belief, Santino harbors a grudge against Lombardo for daring to oppose him.

15. In March 2015, Lombardo was petitioned to run for his seat as a Trustee on the Board of East Rockaway again. He had the requisite signatures to run and the Village Pride Party endorsed him. At the time, Santino was Town Councilman. He was still the political leader of the area, which includes Island Park, Oceanside, Hewlett, and East Rockaway. Santino was also the political liaison of the Village Pride Party.

16. When he found out that Lombardo was running for trustee, Santino had a last minute meeting with the Pride party. Upon information and belief, Santino and his cohorts destroyed the petitions for Lombardo, switched the nomination away from Lombardo and inserted two other people who Santino preferred on the board.

17. Shortly thereafter, Lou Degrassi, advised Lombardo that he was at a recent town board meeting, and had to convey bad news. At Santino's request, Lombardo was switched from Senior Supervisor in Merrick to Senior Supervisor at the Oceanside Landfill. It was technically a lateral move, but it completely stripped Lombardo of all of his authority. He no longer supervised other people, or equipment. He was then restricted from accessing buildings that he used to have access to, because the locks had been changed. Upon information and belief, the locks were changed at Santino's request. Although he was

4

still provided with a car and was permitted to drive around, all of his other duties were removed. Furthermore, Lombardo was routinely denied overtime pay, with no reason given. Upon information and belief, those close to Santino received all of their overtime pay without issue. Upon information and belief, this was done in a thinly veiled attempt by Santino to get Lombardo to quit. Additionally, to help attack Lombardo, Metzger acted as Santino's enforcer by way of constantly harassing Lombardo in denying Lombardo the ability to effectively perform his job and by verbally mocking Lombardo.

18. In January 2016, Lombardo excelled at a civil servant test and was promoted to Assistant Superintendent of the Oceanside Landfill. Despite the alleged promotion, nothing actually changed concerning his job other than a nominal salary increase. Despite being qualified for higher pay, Santino deliberately gave Lombardo less of a raise than he was entitled to. Thomas Catchapaglia and Metzger were each given a much more sizeable raise and perks due to their connections to Santino despite their, being less senior than Lombardo.

19. On November 10, 2016, Lombardo retired. It was on his own accord, and he received a retirement package. Around the same time, Santino took over as supervisor of the Town.

20. On or about January of 2017, Lombardo and Santino met at the Lynbrook diner. Lombardo tried to leave his employment with the Town on good terms and desired to broker a peace between the two men. He asked if he could come back to work as a part-timer or a volunteer so he could keep caring for the feral cat colony. Santino gave no response other than claiming that he couldn't allow Lombardo to return.

21. Despite Lombardo leaving his employment with the town, Santino and Metzger carried out their grudge against Lombardo in any way that they could. Metzger constantly harassed, humiliated, and held back Lombardo's son Michael who is also a Town employee. When

Michael inquired as to why he was subjected to such treatment, Metzger told Michael that it was because of his father, insinuating that Lombardo was "screwing up his life". Metzger consistently made up allegations against Michael and called him such names as "peabrain", a "f*** up employee", and an "idiot".

22. During this time, Lombardo continued to take care of the feral cat colony in Oceanside. Despite this not being a problem with the town for eight years, Santino suddenly took a serious interest in Lombardo's charitable actions. In June 2017, Chad Spinoccia, an equipment operator for the Town, told Lombardo that he was barred from the area and no longer able to take care of the cats. Lombardo was also told that if he returned to the property, the Town would have Lombardo arrested at supervisor Steven Pepe's instruction. The area, which was previously accessible to the public, inexplicably became off limits to the public for no reason given.

23. Lombardo reached out to the town in good faith to resolve the situation, however, no one in the Town would help him. Lombardo raised complaints and called every connection he could think of to help the cats but he could not get any assistance from anyone connected with the Town. Upon information and belief, the Town employees and connections would not help Lombardo out of fear of retaliation from Santino and Metzger.

### *The Damage Caused by the Town's Actions*

24. Due to the attacks on Lombardo and his family, Lombardo's reputation has been questioned by others, and he has effectively been barred from both local politics as well as taking care of the feral cat community.

25. As a result, Lombardo has suffered great emotional pain and humiliation, depression, anxiety, a loss of sleep, a loss of self-worth, damage to his reputation, and other indices of emotional trauma.

26. The Defendants have a pattern and practice of discrimination.

27. The above are just some of the examples of unlawful conduct to which the Defendants subjected Plaintiff to an ongoing continuous basis.

## AS AND FOR A FIRST CAUSE OF ACTION

28. The above stated actions of the Defendants in seeking to chill the Plaintiff Lombardo as a taxpaying citizen for speaking out on matters of public concern and from access to public facilities is unconstitutional on its face and Defendants have violated the First Amendment of the United States Constitution, and the Equal Protection Clause of the United States Constitution pursuant to 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats and realleges all of the aforementioned.

30. By reason of the foregoing, the Defendants has unlawfully retaliated against the Plaintiff and deprived him of his rights guaranteed by the Constitution of the United States, by depriving him of his liberty and property interest's due to his constitutionally protected activities in free assembly, pursuant to the First Amendment

## DEFENDANTS' LIABILITY

31. Plaintiff repeats and realleges all of the aforementioned.

32. The Town has, while acting under color of state law, deprived the Plaintiff of his constitutional rights, as secured by the First and Fourteenth Amendments to the United States Constitution, and all related provisions of the New York State Constitution. The

Town is liable for the actions of the individually named Defendants because the Town officials intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of the Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways

a. Defendants' custom or practice of discriminating and/or retaliating against individuals based on their constitutionally-protected forms of speech, expression and association. The discriminatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

b. Supervisors failed to properly investigate and address allegations of discrimination, retaliation and/or harassment.

**WHEREFORE**, the Plaintiff demands the Court enter judgment in their favor and against the Defendants as follows:

A. Issuing a permanent injunction mandating that the Defendants allow the Plaintiff to re-enter the Oceanside Facility to take care of the feral cat colony and prohibiting the Defendants from any further actions inhibiting the Plaintiff exercise of his constitutional rights;

B. Directing the Defendants to pay to the Plaintiff all compensatory, punitive, and liquidated damages to which he may be entitled;

C. Directing the Defendants to pay the Plaintiff attorneys fees should the Plaintiff be the prevailing party to this action;

D. Directing the Defendants to pay the costs and disbursements associated with this action; and,

E. Granting such other and further relief that to the Court seems just and proper.

**Further,** the Plaintiff demands a trial by jury.

Dated: Garden City, New York
      August 16, 2017

                                  Yours, etc.

                                  _____/s/_____
                                  Jonathan A. Tand, Esq.
                                  JONATHAN A. TAND & ASSOCIATES
                                  990 Stewart Avenue, Suite 225
                                  Garden City, New York 11530
                                  (516) 393-9151

## VERIFICATION

STATE OF NEW YORK )
                          ) ss.:
COUNTY OF NASSAU )

      Stanley Lombardo, being duly sworn, states that she has reviewed the foregoing Complaint and that the contents of said Complaint are true to her own knowledge, except in matters stated to be alleged upon information and belief, and, as to those matters, she believes them to be true.

*Stanley Lombardo*
Stanley Lombardo

Duly sworn to before me
this /9 day of August, 2017

*[signature]*
NOTARY PUBLIC

HOPE SENZER GABOR
Notary Public, State of New York
No. 01GA4843233
Qualified in Nassau County
Commission Expires August 31, 20 /7