UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
STANLEY LOMBARDO,

                   Plaintiff,

         -against-

THE TOWN OF HEMPSTEAD,
ANTHONY SANTINO, and THOMAS
METZGER,

                 Defendants.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
17-CV-4921 (JMA) (SIL)

FILED
CLERK
11/30/2020 3:00 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Plaintiff Stanley Lombardo ("Plaintiff") commenced this action against the Town of Hempstead (the "Town"), Anthony Santino ("Santino"), and Thomas Metzger (together with Santino, the "Individual Defendants," and collectively with the Town, "Defendants"), on August 20, 2017. (ECF No. 1.) Defendants filed a motion to dismiss on August 3, 2018, which was granted on March 26, 2019. (ECF No. 26.) On April 26, 2019, Plaintiff filed an amended complaint alleging violations of his free speech and equal protection rights under the First and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983. (ECF No. 29.) On January 7, 2020, Defendants filed a motion to dismiss the amended complaint. (ECF No. 34.) On March 19, 2020, the Court referred the motion to dismiss to Magistrate Judge Locke for a Report and Recommendation ("R&R"). (Electronic Order, 3/19/2020.) Judge Locke issued an R&R dated July 19, 2020 recommending that Plaintiff's equal protection claim be dismissed with prejudice and that the motion to dismiss be denied with respect to Plaintiff's First Amendment retaliation claim. (ECF No. 38.) Defendants filed a timely objection to the R&R, (ECF No. 39), to which Plaintiff filed an opposition. (ECF No. 40.) After conducting a review of the full record

1

(including the motion papers, R&R, objections, and opposition) and applicable law, the Court adopts Judge Locke's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

First, the Court finds no clear error in the portions of Judge Locke's R&R to which there are no specific objections. In particular, Judge Locke recommended dismissal of Plaintiff's equal protection claim with prejudice. The parties do not contest the dismissal of this claim without leave to replead. Applying clear error review, the Court adopts Judge Locke's recommendation regarding the equal protection claim.

I next address the portions of the R&R to which Defendants have objected. I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. The Court agrees with Judge Locke that the amended complaint's allegations are sufficient to defeat Defendants' motion to dismiss the First Amendment retaliation claim. Plaintiff alleged that after abstaining from a vote on Tommy Steinbeck's promotion to full-time employment because of Santino's corruption, the Town's Board, at Santino's request, transferred him to a less desirable post and stripped him of his supervisory responsibilities and access. He also claimed that he was

denied overtime and a proper raise by the Individual Defendants.  Judge Locke found that these factual pleadings sufficiently alleged a claim of First Amendment retaliation.

In their objections, Defendants challenge whether Plaintiff engaged in constitutionally protected free speech and whether there was a causal connection between the purportedly protected speech and the adverse employment actions.  Defendants argue first, that Plaintiff did not allege constitutionally protected free speech because Plaintiff was not a member of "the Board" and did not actually abstain from voting on Steinbeck's appointment but rather, "le[ft] the room when the vote took place." (ECF No. 39 at 4.)  However, the allegations in the Amended Complaint state: "Lombardo spoke out against [Steinbeck's] appointment, arguing that the only reason Steinbeck was being appointed was due to Santino. When the board voted to promote Steinbeck from part-time to full-time, Lombardo recused himself and Corado voted against Steinbeck . . ." (ECF No. 29 at ¶ 13.)  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the amended complaint as true and draw all reasonable inferences in Plaintiff's favor. See LaFaro v. New York Cardiothoracic Grp., PLLC, 570 F.3d 471, 475 (2d Cir. 2009).  Judge Locke properly accepted the factual allegations of the amended complaint as true.  Accepting Defendants' version of the facts as stated in their objections to the R&R would require the Court to make factual findings that may not be made upon a motion to dismiss.  Accordingly, the Court agrees that Plaintiff properly alleged protected speech for the purposes of a motion to dismiss.  Relatedly, Defendants argue that Plaintiff failed to allege a causal connection between the protected speech and the adverse employment actions.  The Court agrees with Judge Locke that for the purposes of a motion to dismiss Plaintiff's allegations of a causal connection are sufficient.

Based on the foregoing, the Court adopts Judge Locke's comprehensive and well-reasoned R&R in its entirety as the opinion of this Court. Accordingly, Defendants' motion to dismiss is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: November 30, 2020
Central Islip, New York

/s/  (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

4